# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00039-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER KEITH HOWARD , and
OAI QUANG LUONG,

    Defendants.

---

# PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information produced by non-party JPMorgan Chase Bank, N.A. ("Chase") in connection with the above-captioned matter (the "Litigation") pursuant to the disclosure or discovery duties created by the Federal Rules of Criminal Procedure.

2. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information, and/or implicates common law and statutory privacy interests of non-party borrowers.

3. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of the Litigation.

4. CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of Chase or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on the Litigation;

    (b)    persons regularly employed or associated with the attorneys actively working on the Litigation whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the Litigation;

    (c)    the parties to the Litigation (including designated representatives for each party);

    (d)    expert witnesses and consultants retained in connection with the Litigation, to the extent such disclosure is necessary for preparation, trial, or other proceedings in the Litigation;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of the Litigation;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

5.    Documents are to be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6.    Within thirty (30) days after the termination of the Litigation, unless other arrangements are agreed upon, all CONFIDENTIAL information shall be returned to Chase or the requesting party may elect to destroy CONFIDENTIAL information. Where the requesting

party agrees to destroy CONFIDENTIAL information, the destroying party shall provide an affidavit confirming the destruction.

7. If Chase inadvertently produces CONFIDENTIAL information without the required designation of "CONFIDENTIAL," Chase shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific information at issue. Chase shall not be deemed to have waived any right to designate information as CONFIDENTIAL by inadvertently failing to mark a document as "CONFIDENTIAL" prior to its disclosure.

8. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

\* \* \* \*

SO ORDERED this 10th day of January, 2013.

BY THE COURT:

*[signature]*

United States District Court Judge

4815-5029-6594.1