IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**JUDGE R. BROOKE JACKSON**

| | |
|---|---|
| Courtroom Deputy: Laura Galera | Date: August 15, 2013 |
| Court Reporter:     Kara Spitler | Probation: Gary Burney |

Criminal Action No. 12-cr-00039-RBJ-2

*Parties*:                                                                 *Counsel*:

UNITED STATES OF AMERICA,                          Thomas O'Rourke
                                                                               Suneeta Hazra
        Plaintiff,

v.

OAI QUANG LUONG,                                            John Richilano

        Defendant.

**SENTENCING MINUTES**

**Court in session:**     **8:00 a.m.**

Appearances of counsel.

Defendant is present on bond.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant, counsel for the government, Mr. Nielsen and the Probation Officer address the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

Defendant entered his plea on May 22, 2013 to Counts One, Seventeen and Nineteen of the Indictment.

**ORDERED:** Motion for Variant Sentence and Memorandum in Support #[169] is GRANTED IN PART AND DENIED IN PART.

**ORDERED:** Government's Motion for Departure #[175] is GRANTED.

**ORDERED:** Defendant shall be **imprisoned for 18 months** on Counts One, Seventeen and Nineteen, to run concurrently.

Court RECOMMENDS that defendant receive credit for 1 day spent in custody.

Court RECOMMENDS that the Bureau of Prisons place the defendant at a facility in Colorado.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **5 years as to each count, to run concurrently.**

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment and restitution imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment and restitution** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) Defendant shall be placed on home detention for a period of 12 months as to each count, to run concurrently. Home detention shall commence immediately upon release from imprisonment. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in

            advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

(**X**)    Any employment for the defendant shall be approved in advance by the supervising probation officer.

(**X**)    The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

**ORDERED:**  Defendant shall pay **$300.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**  Defendant shall make **restitution** as follows: $3,232,543.20 jointy and severally with Roger Howard and Donald Aleks.  The Court defers to the supervising Probation Officer to set up a payment plan for the restitution.  The Court orders that a minimum of $1200 a month be paid toward restitution.  That amount can only be varied downward by motion. The Court notes there is a zero tolerance regarding non-payment of the restitution obligation.

**ORDERED:**  Defendant may surrender voluntarily as follows: Report to the designated institution within 15 days of designation by the Bureau of Prisons.

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

**ORDERED**:  Bond is discharged.

**Court in recess:**    9:07 a.m.

Hearing concluded.

Total time:    01:07